IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., WARNER-LAMBERT )
COMPANY LLC and PF PRISM IMB B.V., )
　 )
Plaintiffs, )
　 )
v. ) C.A. No. _____
　 )
CIPLA USA INC. and CIPLA, LTD., )
　 )
Defendants. )

## **COMPLAINT**

Plaintiffs Pfizer Inc.; Warner-Lambert Company LLC; and PF PRISM IMB B.V. (collectively, "Pfizer") file this Complaint for patent infringement against Cipla, Ltd. and Cipla USA Inc. (collectively, "Cipla"), and by their attorneys, hereby allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Cipla's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of IBRANCE® (palbociclib) capsules, 75 mg, 100 mg, and 125 mg, prior to the expiration of U.S. Patent No. 10,723,730 ("the '730 patent").

2. Cipla, Ltd. notified Pfizer by letter dated September 14, 2020 ("Cipla's Notice Letter") that it had submitted to the FDA ANDA No. 212980 ("Cipla's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of generic Palbociclib capsules, 75 mg, 100 mg, and 125 mg ("Cipla's ANDA Product") prior to the expiration of the '730 patent. Cipla's Notice Letter purported to include an "Offer of Confidential Access" to Pfizer to Cipla's ANDA. In an exchange of correspondence, counsel for Defendants and counsel for

Pfizer discussed the terms of Cipla's Offer of Confidential Access, though the parties were unable to agree on terms under which Pfizer could review the internal documents, data and/or samples relevant to infringement.

## PARTIES

3.     Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.  Pfizer Inc. is the holder of New Drug Application ("NDA") No. 207103 for the manufacture and sale of palbociclib capsules, 75 mg, 100 mg, and 125 mg, which has been approved by the FDA.

4.     Warner-Lambert Company LLC is a limited liability company organized and existing under the laws of the State of Delaware, and having a place of business at 235 East 42nd Street, New York, New York 10017.

5.     PF PRISM IMB B.V. is a private limited company (besloten venootschap) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJessel, the Netherlands.

6.     Upon information and belief, defendant Cipla Ltd. is a company organized and existing under the laws of the Republic of India with its principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400013, Maharashtra, India. Upon information and belief, Cipla, Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Cipla USA, Inc.

7.      Upon information and belief, defendant Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business 1560 Sawgrass Corporate Parkway, Suite 130, Sunrise, Florida 33323. Upon information and belief, Cipla USA, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

8.      Upon information and belief, Cipla, USA Inc. is a wholly owned subsidiary of Cipla, Ltd.  Cipla, Ltd. and Cipla USA Inc. are collectively referred to herein as "Cipla."

9.      Upon information and belief, Cipla USA Inc. and Cipla, Ltd. acted in concert to prepare and submit Cipla's ANDA to the FDA.

10.     Upon information and belief, Cipla, Ltd. and Cipla USA Inc. know and intend that upon approval of Cipla's ANDA, Cipla, Ltd. will manufacture Cipla's ANDA Product and Cipla USA Inc. will directly or indirectly market, sell, and distribute Cipla's ANDA Product throughout the United States, including in Delaware.  Upon information and belief, Cipla, Ltd. and Cipla USA Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Cipla's ANDA Product, and enter into agreements with each other that are nearer than arm's length.  Upon information and belief, Cipla USA Inc. participated in, assisted, and cooperated with Cipla, Ltd. in the acts complained of herein.

11.     Upon information and belief, following any FDA approval of Cipla's ANDA, Cipla, Ltd. and Cipla, Ltd. will act in concert to distribute and sell Cipla's ANDA Product throughout the United States, including within Delaware.

### JURISDICTION AND VENUE

12.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

13.    Cipla, Ltd. is subject to personal jurisdiction in Delaware because, among other things, Cipla, Ltd., itself and through its wholly-owned subsidiary Cipla USA, Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Cipla, Ltd., itself and through its wholly-owned subsidiary Cipla USA Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Cipla, Ltd. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Cipla USA, Inc. and therefore the activities of Cipla USA, Inc. in this jurisdiction are attributed to Cipla, Ltd.

14.    Cipla USA, Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In addition, upon information and belief, Cipla USA, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

15.    Cipla has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described

in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

16.    Upon information and belief, Cipla, with knowledge of the Hatch-Waxman Act process, directed Cipla's Notice Letter to, *inter alia*, Pfizer Inc., an entity incorporated in Delaware, and alleged in Cipla's Notice Letter that Pfizer's '730 patent is invalid.   Upon information and belief, Cipla knowingly and deliberately challenged Pfizer's patent rights, and knew when it did so that it was triggering the forty-five day period for Pfizer to bring an action for patent infringement under the Hatch-Waxman Act.

17.    Because Pfizer Inc. is incorporated in Delaware, Pfizer Inc. suffers injury and consequences from Cipla's filing of Cipla's ANDA, challenging Pfizer's patent rights, in Delaware.  Upon information and belief, Cipla knew that it was deliberately challenging the patent rights of a Delaware entity and seeking to invalidate intellectual property held in Delaware.  Cipla has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Cipla's Notice Letters to Pfizer Inc., a Delaware corporation, that it would be sued in Delaware for patent infringement.

18.    Upon information and belief, if Cipla's ANDA is approved, Cipla will directly or indirectly manufacture, market, sell, and/or distribute Cipla's ANDA Product within the United States, including in Delaware, consistently with Cipla's practices for the marketing and distribution of other generic pharmaceutical products.  Upon information and belief, Cipla regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.   Upon information and belief, Cipla's generic

pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Cipla's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Pfizer's patents in the event that Cipla's ANDA Product is approved before the patent expires.

19. Upon information and belief, Cipla derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Cipla and/or for which Cipla, Ltd. or Cipla USA Inc. is the named applicant on approved ANDAs. Upon information and belief, various products for which Cipla, Ltd. or Cipla USA Inc. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

## COUNT I – INFRINGEMENT OF THE '730 PATENT

20. Pfizer incorporates each of the preceding paragraphs 1–19 as if fully set forth herein.

21. The inventors of the '730 patent are Brian Patrick Chekal and Nathan D. Ide.

22. The '730 patent, entitled "Solid Forms of a Selective Cdk4/6 Inhibitor" (attached as Exhibit A), was duly and legally issued on July 28, 2020.

23. Pfizer is the owner and assignee of the '730 patent.

24. IBRANCE® is covered by one or more claims of the '730 patent, which has been listed in connection with IBRANCE® in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book").

6

25.     In Cipla's Notice Letter, Cipla notified Pfizer of the submission of Cipla's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Cipla's ANDA Product prior to the expiration of the '730 patent.

26.     In Cipla's Notice Letter, Cipla also notified Pfizer that, as part of its ANDA, Cipla had filed a certification of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '730 patent.  On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '730 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

27.     On information and belief, Cipla's ANDA Product and the use of Cipla's ANDA Product are covered by one or more claims of the '730 patent, either literally or under the doctrine of equivalents.

28.     As an example, claim 1 of the '730 patent recites:

> A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a primary particle size distribution characterized by a D90 value of from about 30 µm to about 65 µm.

29.     On information and belief, Cipla's ANDA Product infringes claim 1 of the '730 patent, literally or under the doctrine of equivalents.

30.     Claim 7 of the '730 patent recites:

> A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a volume mean diameter characterized by a D[4,3] value of from about 15 µm to about 40 µm.

7

31.     On information and belief, Cipla's ANDA Product infringes claim 7 of the '730 patent, literally or under the doctrine of equivalents.

32.     Claim 15 of the '730 patent recites:

> A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a volume mean diameter characterized by a D[4,3] value of from about 15 µm to about 30 µm.

33.     On information and belief, Cipla's ANDA Product infringes claim 15 of the '730 patent, literally or under the doctrine of equivalents.

34.     Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '730 patent was an act of infringement of the '730 patent under 35 U.S.C. § 271(e)(2)(A).

35.     On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

36.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Cipla's ANDA Product would infringe one or more claims of the '730 patent, either literally or under the doctrine of equivalents.

37.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '730 patent.

38.     On information and belief, Cipla plans and intends to, and will, actively induce infringement of the '730 patent when Cipla's ANDA is approved, and plans and intends to, and

will, do so immediately and imminently upon approval. Cipla's activities will be done with knowledge of the '730 patent and specific intent to infringe that patent.

39. On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '730 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of the '730 patent immediately and imminently upon approval of Cipla's ANDA.

40. Notwithstanding Cipla's knowledge of the claims of the '730 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '730 patent.

41. The foregoing actions by Cipla constitute and/or will constitute infringement of the '730 patent; active inducement of infringement of the '730 patent; and contribution to the infringement by others of the '730 patent.

42. On information and belief, Cipla has acted with full knowledge of the '730 patent and without a reasonable basis for believing that it would not be liable for infringement of the '730 patent; active inducement of infringement of the '730 patent; and/or contribution to the infringement by others of the '730 patent.

43. Pfizer will be substantially and irreparably harmed by infringement of the '730 patent.

44.    Unless Cipla is enjoined from infringing the '730 patent, actively inducing infringement of the '730 patent, and contributing to the infringement by others of the '730 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

### COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '730 PATENT

45.    Pfizer incorporates each of the preceding paragraphs 1–44 as if fully set forth herein.

46.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and contribution to the infringement by others of the '730 patent, and/or the validity of the '730 patent.

47.    In Cipla's Notice Letter, Cipla notified Pfizer of the submission of Cipla's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Cipla's ANDA Product prior to the expiration of the '730 patent.

48.    In Cipla's Notice Letter, Cipla also notified Pfizer that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '730 patent.  On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that that '730 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

49. On information and belief, Cipla's ANDA Product and the use of Cipla's ANDA Product are covered by one or more claims of the '730 patent.

50. As an example, claim 1 of the '730 patent recites:

A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a primary particle size distribution characterized by a D90 value of from about 30 µm to about 65 µm.

51. On information and belief, Cipla's ANDA Product infringes claim 1 of the '730 patent, literally or under the doctrine of equivalents.

52. Claim 7 of the '730 patent recites:

A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a volume mean diameter characterized by a D[4,3] value of from about 15 µm to about 40 µm.

53. On information and belief, Cipla's ANDA Product infringes claim 7 of the '730 patent, literally or under the doctrine of equivalents.

54. Claim 15 of the '730 patent recites:

A crystalline free base of 6-acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one, having a powder X-ray diffraction pattern comprising peaks at diffraction angles (2θ) of 8.0±0.2, 10.1±0.2 and 11.5±0.2 and a volume mean diameter characterized by a D[4,3] value of from about 15 µm to about 30 µm.

55. On information and belief, Cipla's ANDA Product infringes claim 15 of the '730 patent, literally or under the doctrine of equivalents.

56.    On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

57.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Cipla's ANDA Product would infringe one or more claims of the '730 patent.

58.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed labeling would infringe one or more claims of the '730 patent.

59.    On information and belief, Cipla plans and intends to, and will, actively induce infringement of the '730 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Cipla's activities will be done with knowledge of the '730 patent and specific intent to infringe that patent.

60.    On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '730 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Cipla plans and intends to, and will, contribute to infringement of the '730 patent immediately and imminently upon approval of Cipla's ANDA Product.

61.    Notwithstanding Cipla's knowledge of the claims of the '730 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '730 patent.

62.     The foregoing actions by Cipla constitute and/or will constitute infringement of the '730 patent; active inducement of infringement of the '730 patent; and contribution to the infringement by others of the '730 patent.

63.     On information and belief, Cipla has acted with full knowledge of the '730 patent and without a reasonable basis for believing that it would not be liable for infringement of the '730 patent; active inducement of infringement of the '730 patent; and/or contribution to the infringement by others of the '730 patent.

64.     Pfizer will be substantially and irreparably damaged by infringement of the '730 patent.

65.     The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the '730 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '730 patent, and that the claims of the '730 patent are not invalid.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

(a)     A judgment that the '730 patent has been infringed under 35 U.S.C. § 271(e)(2) by Cipla's submission to the FDA of Cipla's ANDA;

(b)     A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Cipla's ANDA Product, or any other drug product that infringes or the use of which infringes the '730 patent, be not earlier than the expiration date of the '730 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining Cipla, and all persons acting in concert with Cipla, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Cipla's ANDA Products, or any other drug product covered by or whose use is covered by the '730 patent, prior to the expiration of that patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Cipla's ANDA Products, or any other drug product which is covered by or whose use is covered by the '730 patent, prior to the expiration of that patent, will infringe, induce the infringement of, and contribute to the infringement by others of, said patent;

(e)     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f)     Costs and expenses in this action; and

(g)      Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

David I. Berl
Christopher J. Mandernach
Seth R. Bowers
Michael Xun Liu
Kevin Hoagland-Hanson
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

October 16, 2020

14